IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11–cv–02571–WJM–KMT

BABAJIDE A. SHITTU,

    Plaintiff,

v.

AMREST, LLC,

    Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case comes before the court on "Defendant's Motion for Summary Judgment" (Doc. No. 30, filed December 14, 2012). Plaintiff did not file a response. This motion is ripe for recommendation and ruling.

### *I.    STATEMENT OF THE CASE*

Plaintiff has sued Defendant Amrest, LLC, alleging the defendant discriminated against him, in violation of Title VII of the Civil Rights Act of 1964, because of his race, color, national origin, and religion. (Doc. No. 6 [Compl].) In March 2008, Plaintiff began working as a line cook at an Applebee's restaurant operated by the defendant. (*Id.* at 3, ¶ 1.) Plaintiff alleges in approximately September 2009, Orren Wescott, the bar manager of the restaurant, began humiliating and taunting Plaintiff. (*Id.*, ¶ 2.) Plaintiff alleges the "humiliation and discriminatory behavior continued for over a year." (*Id.*) In approximately September 2010,

Plaintiff complained to Ms. McKenzie, the general manager, "regarding the offensive behavior Mr. Wescott continued to direct towards me, and the fact that other employees had also begun engaging in the same type of abominable behavior." (*Id.*, ¶ 3.) Plaintiff states his direct supervisor, Adam Burd, attempted to hold a meeting with Plaintiff and Wescott, but Wescott refused to meet with Plaintiff. (*Id.*, ¶ 5.) Plaintiff alleges after he complained to McKenzie, Wescott retaliated against him by berating him and making it difficult for him to perform his job. (*Id.*, ¶ 6.) On October 26, 2011, Wescott fired Plaintiff. (*Id.*, ¶ 7.)

## II.     *SUMMARY JUDGMENT STANDARD*

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994) (citing *Celotex*, 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see also* Fed. R. Civ. P. 56(c). A disputed fact is "material" if "under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir.1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute is "genuine" if the evidence is such that it might lead a

reasonable jury to return a verdict for the nonmoving party.  *Thomas v. Metropolitan Life Ins. Co.*, 631 F.3d 1153, 1160 (10th Cir. 2011) (citing *Anderson*, 477 U.S. at 248).

When ruling on a motion for summary judgment, a court may consider only admissible evidence.  *See Johnson v. Weld County, Colo.*, 594 F.3d 1202, 1209-10 (10th Cir. 2010).  The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment.  *Concrete Works*, 36 F.3d at 1517.  Moreover, because Plaintiff is proceeding *pro se*, the court, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."  *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").  At the summary judgment stage of litigation, a plaintiff's version of the facts must find support in the record.  *Thomson v. Salt Lake Cnty.*, 584 F.3d 1304, 1312 (10th Cir. 2009).  "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."  *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Thomson*, 584 F.3d at 1312.

### III.    ANALYSIS

Defendants move for summary judgment on the bases that 1) Plaintiff failed to perfect service of the Complaint on Defendant, and therefore this Court lacks jurisdiction; 2) Plaintiff's claim of color discrimination must be dismissed because Plaintiff filed to exhaust his

3

administrative remedies; 3) the *Farager/Ellerth* affirmative defense bars Plaintiff's harassment claims; and 4) Plaintiff cannot establish a claim of retaliation.

### A.     *Failure to Perfect Service Under Fed. R. Civ. P. 4(m)*

Rule 4 of the Federal Rules of Civil Procedure requires a plaintiff to serve a Summons and a copy of the Complaint on the Defendant within 120 days of filing the Complaint, lest the action be dismissed for lack of jurisdiction. *See* Fed. R. Civ. P. 4(c)(1), (m); *Fresquez v. Jefferson County*, 469 F. App'x 703, 706 (10th Cir. 2012) ("This Court demands strict compliance with the requirements of Rule 4(c)(1), even from *pro se* litigants.")

Plaintiff filed his Original Complaint on September 30, 2011.  (Doc. No. 1.)  On October 3, 2011, Magistrate Judge Boyd N. Boland ordered Plaintiff to amend his complaint using the Court's proper Title VII Complaint form.  (Doc. No. 3.)  Plaintiff filed his first amended complaint on October 14, 2011, and failed to use the Court's approved form.  (Doc. No. 4.)  On October 18, 2011, Magistrate Judge Boland again ordered Plaintiff to file an amended complaint using the court-approved Title VII Complaint form.  (Doc. No. 5.)  Plaintiff filed his Title VII Complaint on the proper form on October 27, 2011.  (Doc. No. 6.)  Magistrate Judge Boland approved the Title VII Complaint and ordered that it be drawn to a district judge and a magistrate judge.  (Doc. No. 8.)

In October 2011, Plaintiff, through the United States Marshals Service, attempted to serve Defendant at the wrong business address and was unable to effect proper service within 120 days.  (Doc. No. 12.)  On March 28, 2012, this court issued an Order to Show Cause to Plaintiff regarding his failure to serve the defendant with the Amended Complaint within 120

4

days, as is required by Rule 4(m).  (Doc. No. 13.)  Plaintiff responded that he was unaware that Defendant had not been served.  (Doc. No. 14.)  This court found Plaintiff had shown good cause for his failure to serve the defendant, discharged the Order to Show Cause, and allowed Plaintiff an extension to May 4, 2012[1], either to provide the Court with an alternate address at which the defendant could be served by the United States Marshals Service or to serve the defendant on his own pursuant to Rule 4.  (Doc. No. 15.)

On May 2, 2012, Plaintiff used a private process server to serve the defendant with a Summons and a document purporting to be the Title VII Complaint.  (Doc. No. 16).  However, the complaint served on the defendant was not the Title VII Complaint (Doc. No. 6) approved by Magistrate Judge Boland and filed in this Court.  (*See* Doc. No. 30-1, Attach. 1 [Dickey Decl.], ¶ 6 & Att. A.)  Instead, the document Plaintiff served on the defendant included the first two pages of the Title VII Complaint (*see* Doc. No. 30-1 at 7–8) and three pages taken from his original rejected complaint filed on September 30, 2011 (*compare* Doc. No. 1 at 3–5 *with* Doc. No. 30-1 at 9–11 *and* Doc. No. 6 at 3–4).[2]  Defendant notified Plaintiff of his improper service in its First

---

[1] Because Plaintiff filed his Title VII Complaint on October 27, 2011, under Rule 4(m) Plaintiff was required to serve the defendant on or before February 24, 2012.  If the court considers the date of filing as the November 7, 2011—the date on which his Title VII Complaint was approved and drawn to District Judge William J. Martínez and Magistrate Judge Kathleen M. Tafoya—Plaintiff still was required to serve the defendant on or before March 6, 2012.  Thus, he was granted at least a fifty-nine-day extension of time to serve the defendant.

[2] The first two pages of the Title VII Complaint served on Defendant include the PDF header used by this Court.  The remainder of the pages do not include the PDF header.

Affirmative Defense in its Answer and in the Proposed Scheduling Order. (*See* Doc. No. 17 at 1; Doc. No. 26 at 6.)

The undisputed evidence shows that Plaintiff did not serve the defendant with the operative and proper Title VII Complaint. Rule 4(m) authorizes the Court to dismiss a party's case for his failure to timely serve a summons and complaint unless the party can show good cause for his failure. In this case, Plaintiff already has been afforded the court's leniency for non-compliance with Rule 4(m). It appears Plaintiff then willfully substituted three pages of the court-approved Title VII Complaint with pages of a complaint that had specifically been rejected by Magistrate Judge Boland and served defendant with the incorrect complaint. Plaintiff has failed to respond to the Motion for Summary Judgment or to provide good cause for his failure to serve the defendant with the proper Title VII Complaint.

"A plaintiff who has failed to show 'good cause' for a mandatory extension of time may still be granted a permissi[ve] extension of time within the district court's discretion." *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). When considering whether such a permissive extension should be granted the court should consider several factors, namely the advisory committee notes to Rule 4(m), in determining whether dismissal is appropriate. *Id.* at 842. The applicable factor in this case states, "[r]elief may be justified . . . if the applicable statute of limitations would bar the refiled action." *Id.* (quoting Fed. R. Civ. P. 4(m) advisory committee's note (1993)).

On July 8, 2011, the EEOC sent plaintiff his right to sue letter. (*See* Doc. No. 6 at 2, ¶ 7.) Therefore, the statute of limitations for Plaintiff's claims expired on October 6, 2011, or 90 days after his receipt of the EEOC notification. 42 U.S.C. § 2000(e)–5(f)(1); *Brown v. Hartshorne Pub. Sch. Dist.*, 926 F.2d 959, 961 (10th Cir. 1991). Plaintiff filed this case on the 84th day, or September 30, 2011. (Doc. No. 1.) Accordingly, the limitations period has now run on Plaintiff's claims.

Even though dismissal under Rule 4(m) would effectively time bar plaintiffs claims, the court finds that an additional permissive extension of time is not warranted and that dismissal is appropriate. Despite the fact that Plaintiff has had notice of his failure to serve the defendant with the proper complaint, he has failed to request an additional extension of time within which to serve the proper complaint. Plaintiff failed to serve the defendant within the 120 days required by Rule 4(m) and was already given a lengthy extension of time to serve the defendant with the Title VII Complaint. Plaintiff then failed to serve the defendant with the operative and court-approved Title VII Complaint, instead choosing to substitute portions of a previously-rejected complaint and serve that on the defendant. Plaintiff has failed to provide any justification for his failure to serve the defendant with the proper complaint. This case has been pending since September 30, 2011, and relates to alleged employment discrimination that occurred in 2009 and 2010. The court finds that the defendant should not be prejudiced by being forced to litigate a case that would otherwise be barred for noncompliance with the federal rules.

Plaintiff has failed to prove proper service on the defendant and has therefore not obtained personal jurisdiction on the defendant within the time permitted, Defendant is entitled

to summary judgment, and Plaintiff's case should be dismissed with prejudice.  *See Womble v. Salt Lake City Corp.*, 84 F. App'x 18, 20–21 (10th Cir. 2003) (quoting *Putnam v. Morris*, 833 F.2d 903, 904–05 (10th Cir. 1987)) (finding failure to serve in accordance with Rule 4(m) and outside the statute of limitations operates as a dismissal with prejudice).

Because this court recommends summary judgment be granted in favor of the defendant for Plaintiff's failure to perfect service under Rule 4(m), and because any further attempts to refile the case would be barred as outside the statute of limitations period, it need not address Defendant's remaining arguments.

**WHEREFORE**, for the foregoing reasons, the court respectfully

**RECOMMENDS** on "Defendant's Motion for Summary Judgment" (Doc. No. 30) be **GRANTED**, and that Plaintiff's claims be **DISMISSED** with prejudice.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to

make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 27th day of February, 2013.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge