**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-02571-WJM-KMT

BADAJIDE A. SHITTU,

     Plaintiff,

v.

AMREST, LLC,

     Defendant.

---

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

     Plaintiff Badajide Shittu ("Plaintiff"), a native of Nigeria, brings this action against

his former employer, Defendant Amrest, LLC ("Defendant") alleging a hostile work

environment based on national origin, color, race, and religion, as well as retaliation for

his reporting of such environment.  (Am. Compl. (ECF No. 6) pp. 3-4.)

     Before the Court is Defendant's Motion for Summary Judgment ("Motion").  (ECF

No. 30.)  For the reasons set forth below, the Motion is granted.

### I.  LEGAL STANDARD

     Summary judgment is appropriate only if there is no genuine issue of material fact

and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c);

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co.,*

*Inc.*, 41 F.3d 567, 569 (10th Cir. 1994).  Whether there is a genuine dispute as to a

material fact depends upon whether the evidence presents a sufficient disagreement to

require submission to a jury or conversely, is so one-sided that one party must prevail as

a matter of law.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248-49 (1986); *Stone v.*

*Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir. 2000); *Carey v. U.S. Postal Service*, 812 F.2d 621, 623 (10th Cir. 1987).

A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable party could return a verdict for either party. *Anderson*, 477 U.S. at 248. The Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial. *Houston v. Nat'l General Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

## II. ANALYSIS

Defendant filed the instant Motion on December 14, 2012. (ECF No. 30.) Plaintiff failed to file any response to the Motion. Despite Plaintiff's failure to oppose the Motion, the Court cannot grant the Motion without first determining whether Defendant has met its burden of production. *See Reed v. Bennett*, 312 F.3d 1190, 1994-95 (10th Cir. 2002).

In support of the Motion, Defendant raises the following arguments: (1) Plaintiff failed to properly serve any of his complaints; (2) Plaintiff failed to exhaust his "color discrimination" claim; (3) the *Faragher/Ellerth* affirmative defense bars Plaintiff's harassment claim; and (4) Plaintiff cannot establish his retaliation claim. Because the Court finds in Defendant's favor on issues two, three, and four, it need not address whether Plaintiff properly effectuated service of the operative complaint.

## A.    Exhaustion of Plaintiff's Color Discrimination Claim

Defendant argues that Plaintiff's "color"[1] discrimination claim must be dismissed because he did not exhaust his administrative remedies. (ECF No. 30 at 19-20.)

---

[1] The EEOC's intake form describes "color" discrimination as that based on "a difference in skin shade withing the same race". (ECF No. 30-2 at 129.)

Before filing suit under Title VII, a plaintiff must exhaust his administrative remedies with either the Equal Employment Opportunity Commission ("EEOC") or the appropriate state employment practices agency.  *See Shikles v. Sprint/United Management Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005).  A plaintiff must exhaust his administrative remedies with respect to each aspect of an employment claim; it is not enough to generally make a claim with the EEOC.  *See Montes v. Vail Clinic, Inc.*, 497 F.3d 1160, 1166 (10th Cir. 2007) ("Title VII requires each discrete act of discrimination (such as termination, failure to promote, denial of transfer, or refusal to hire) to be described in and the subject of a timely filed charge.  That is, a plaintiff can bring a lawsuit for only those 'unlawful employment practices' described in his or her administrative charge.") (citations omitted); *McGarr v. Peters*, 2009 WL 3855938, at *5-*6 (W.D. Okla. Nov. 17, 2009) (where the plaintiff's EEO complaint only identified an age-based hostile work environment claim, court held that the plaintiff had failed to exhaust his age-based failure to promote claim).

The record shows that Plaintiff submitted a claim with the EEOC but failed to check the box for color discrimination.  (ECF No. 30-2 at 129.)  Thus, on its face, Plaintiff did not submit any claim for color discrimination to the EEOC.  In addition to those claims specifically put before the EEOC, the Court is permitted to exercise jurisdiction over claims falling within "the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC."  *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007) (quotation marks and citation omitted).  However, nothing in Plaintiff's intake form describes an issue related to the color of his

3

skin as opposed to the color of anyone else's skin at his place of employment.  (*Id.*)

Moreover, Plaintiff admitted in his deposition that he did not mention any color

discrimination during his proceedings before the EEOC.  (Pl.'s Dep. (ECF No. 30-2) p.

249.)

Accordingly, the Court finds that Defendant has met its burden of production on

summary judgment and Plaintiff has failed to come forward with evidence showing a

genuine dispute as to whether his color discrimination claim was properly exhausted.

Therefore, dismissal of this claim without prejudice is appropriate.  *See McDonald-Cuba*

*v. Santa Fe Protective Servs., Inc.*, 644 F.3d 1096, 1101 (10th Cir. 2011).

**B.     Harassment Claims**

Plaintiff alleges that his immediate supervisor created a hostile work environment

due to Plaintiff's race, national origin, and religion.  (Am. Compl. ¶¶ 2-3.)  An employer

may be vicariously liable[2] for a hostile work environment created by a supervisor in either

of two situations.  *See Penn. State Police v. Suders*, 542 U.S. 129, 143-46 (2004).  First,

the employer is vicariously liable when "the supervisor's harassment culminates in a

tangible employment act, such as discharge, demotion, or undesirable reassignment."

*Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998).  In that situation, the employer

has no affirmative defense available.  *Id.*  Second, an employer may be vicariously liable

for a hostile work environment, even absent a tangible employment action.  However, in

that circumstance, the employer will not be liable if it proves the following affirmative

defense by a preponderance of the evidence:  (1) it "exercised reasonable care to prevent

---

[2]  There is no allegation that Defendant is directly liable for any actionable conduct.

and correct promptly any sexually harassing behavior," and (2) the plaintiff "unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Id.*; see also *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998). This affirmative defense is commonly referred to as the *Faragher/Ellerth* defense.

Defendant argues that it is entitled to summary judgment because Plaintiff was not subjected to an adverse employment action and based on application of the *Faragher/Ellerth* affirmative defense. (ECF No. 30 at 20.) The Court will address each in turn below.

### 1.    Tangible Employment Action

Defendant contends that Plaintiff did not suffer a tangible employment action related to the alleged harassment. (ECF No. 30 at 21-22.) The record shows that Plaintiff was asked by the manager on duty to leave work early one shift but was paid for the entirety of his scheduled shift; his pay was not reduced based on his early departure. (Pl.'s Dep. at 180-83; Wescott Decl. (ECF No. 30-4) ¶ 25.) When Plaintiff was sent home from work, he asked to speak with the general manager and was told to come back the next day. (Wescott Decl. ¶ 24.) The general manager called Plaintiff the day after he was sent home but Plaintiff never returned his call or attempted to call the general manager on his own accord. (McKenzie Decl. (ECF No. 30-3) ¶ 64; Pl.'s Dep. at 187.)

Plaintiff never returned to work for Defendant. (Pl.'s Dep. at 187; McKenzie Decl. ¶ 13.) Although Plaintiff testified in his deposition that he felt he had been terminated, it is undisputed that none of Defendant's employees ever told Plaintiff that he was terminated from his employment with Defendant. (Pl.'s Dep. at 245-46.) Additionally, Plaintiff told his

current employer that he was not terminated by Defendant.  (Pl.'s Dep. at 38-39.)

The undisputed facts described above do not constitute a tangible employment action for purposes of Plaintiff's harassment claim.  *See Loudermilk v. Stillwater Milling Co.*, 551 F. Supp. 2d 1281, 1291 (N.D. Okla. 2008) (being sent home early without a loss of pay is not a tangible employment action).  Therefore, the Court finds that Plaintiff has failed to show a genuine dispute of fact as to whether Defendant is vicariously liable for any hostile work environment on the basis of a tangible employment action.

2.    *Faragher/Ellerth* Defense

Because Plaintiff has not shown that he was subjected to a tangible employment action, Defendant may avoid liability for any hostile work environment pursuant to the *Faragher/Ellerth* affirmative defense.  *See Roby v. CWI, Inc.*, 2008 WL 4211689, at *5 (N.D. Ill. Sept. 11, 2008) (employer may pursue *Faragher/Ellerth* defense when employee abandons his position).

The *Faragher/Ellerth* defense comprises two necessary elements: "(a) that the employer exercised reasonable care to prevent and correct promptly any [discriminatory or] sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise."  *Faragher*, 524 U.S. at 807.

The Tenth Circuit has held that an employer exercised reasonable care to prevent harassing behavior when it had an anti-harassment policy, trained its employees on such policy, and took reasonable care to prevent and promptly correct any harassing behavior.  *See Pinkerton v. Colo. Dep't of Transp.*, 563 F.3d 1052, 1062 (10th Cir. 2009).  In this

6

case, Defendant has introduced evidence showing that it had a policy which prohibited harassment on the basis of any protected category, including race, national origin, and religion.  (ECF No. 30-2 at 102-03.)  Plaintiff admitted that he received a copy of the non-harassment policy and that he was trained on it.  (Pl.'s Dep. at 118-21.)  Defendant has also shown that its managers were trained on the non-harassment policy.  (Wescott Decl. (ECF No. 30-4) ¶ 3.)  Thus, there is no dispute that Defendant had an policy in place to discourage harassment and that all relevant persons in this case were aware of such policy.

On September 1, 2010, Plaintiff reported national origin discrimination, Defendant immediately counseled the offending party and issued a written reprimand.  (Pl.'s Dep. at 132-36; McKenzie Decl. ¶¶ 7-8.)  Plaintiff admitted that the harassment stopped for some period after he made his complaint.  (Pl.'s Dep. at 202-03; 228-29.)  This shows that Defendant exercised reasonable care to enforce its policies.  On the other hand, Plaintiff has introduced no evidence showing that Defendant failed to appropriately respond to any complaint of harassment.  Therefore, the Court finds that Defendant has met its preliminary burden with respect to the first element of the *Faragher/Ellerth* defense.

To establish the second prong of the defense, an employer must show that the victimized employee unreasonably failed to take advantage of the corrective measures offered by the employer.  *Helm v. Kansas*, 656 F.3d 1277, 1291 (10th Cir. 2011).  In this case, Defendant's non-harassment policy directed employees to immediately report any harassment to Defendant's Area Director or to the Human Resources Department.  (ECF No. 30-2 at 103-04.)  Plaintiff has admitted that he was aware of the non-harassment policy and that he understood it.  (Pl.'s Dep. at 122-23.)  Plaintiff has also admitted that he

7

never reported any harassment to the Area Director or the Human Resources Department.  (Pl.'s Dep. at 145-46.)  The only report of harassment that Plaintiff made was to his general manager, who is not designated under Defendant's policy to accept such complaints.  (McKenzie Decl. ¶ 6.)

Thus, the Court finds that Defendant has met its burden of showing that Plaintiff failed to utilize the corrective measures of its non-harassment policy.  *See Faragher*, 524 U.S. at 807-08 ("[W]hile proof that an employee failed to fulfill the corresponding obligation of reasonable care to avoid harm is not limited to showing an unreasonable failure to use any complaint procedure provided by the employer, demonstration of such failure will normally suffice to satisfy the employer's burden under the second element of the defense.").

Accordingly, the Court finds that Plaintiff has failed to show a genuine dispute of fact as to whether Defendant is vicariously liable for any alleged hostile work environment.  As Plaintiff has failed to meet his burden on an essential element of his claim, Defendant's Motion for Summary Judgment is granted as to Plaintiff's claims for hostile work environment based on race, national origin, and religion.

## C.   Retaliation

Finally, Defendant moves for summary judgment on Plaintiff's claim that he was terminated in retaliation for his report of harassment.  (ECF No. 30 at 30; Am. Compl. ¶ 8.)

The familiar *McDonnell Douglas* framework applies to Plaintiff's retaliation claim. *See Jeffries v. State of Kansas*, 147 F.3d 1220, 1231 (10th Cir. 1998); *McDonnell*

*Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973).  Under *McDonnell Douglas*, a plaintiff must first establish a prima facie case of retaliation.  *Jones v. Barnhart*, 349 F.3d 1260, 1266 (10th Cir. 1993.)  If the plaintiff satisfies the *prima facie* requirement, then the burden shifts to the defendant to provide a legitimate, non-retaliatory basis for its action. *Id.*.  Then, the plaintiff must offer evidence to show that retaliation was a determinative factor in the employment decision or that the defendant's non-retaliatory basis was merely pretext.  *Id.*

To establish a *prima facie* case of retaliation, Plaintiff must show: (1) he engaged in a protected activity; (2) a reasonable employee would have found the challenged action materially adverse; and (3) a causal connection existed between the protected activity and the materially adverse action."  *Argo v. Blue Cross Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1202 (10th Cir. 2006).

With respect to the first prong, Plaintiff engaged in protected activity on September 1, 2010 when he reported to the general manager that his manager-on-duty made race-related jokes that offended him.  (McKenzie Decl. ¶ 6.)  This is the only report of harassment or discrimination that Plaintiff made during the course of his employment. This qualifies as protected activity sufficient to satisfy the first prong of Plaintiff's *prima facie* burden.   Moreover, the Court assumes without deciding that Plaintiff suffered an adverse employment action on October 25, 2010 when he was sent home from a shift early and told not to come back until he spoke with the general manager.  (Pl.'s Dep. at 180-83.)

Plaintiff falls short of meeting of his burden on the third prong as there is absolutely no evidence that Plaintiff's report of harassment on September 1, 2010 was at all causally related to his being sent home from work early on October 26, 2010.  More significantly, on the day Plaintiff was reprimanded, it is undisputed that he engaged in disruptive behavior and refused to follow instructions from two different managers.  (Pl.'s Dep. at 171-74, 180-84; Wescott Decl. ¶¶ 20-23.)  When intervening events such as these occur, the "evidence of temporal proximity has minimal probative value."  *Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987, 1001-02 (10th Cir. 2011).  Thus, the Court finds that Plaintiff has failed to meet his *prima facie* burden of showing a causal connection between his protected activity and the adverse employment action.  Because this is an essential element of his retaliation claim, Plaintiff's failure to meet his burden is fatal to this claim.

Moreover, even if the Court were to assume that Plaintiff had met out a *prima facie* case for retaliation, Defendant has come forward with a legitimate, non-retaliatory basis for sending Plaintiff home from work early and instructing him not to come back until he spoke with a general manager.  As stated above, it is undisputed that, on the day of this incident, Plaintiff created a disturbance in the restaurant by singing religious songs at a loud volume.  (Pl.'s Dep. at 173-74.)  Plaintiff admits that he disregarded multiple orders from his managers and that he told his managers that he had no respect for them.  (*Id.* at 173, 187-79; Wescott Decl. ¶ 21.)  This is a legitimate, non-retaliatory basis for asking him to leave early and not to return until he spoke with the general manager.

Therefore, the burden shifts back to Plaintiff to show that Defendant's proffered basis is pretext for retaliation.  *Jones*, 349 F.3d at 1266.  An employee may demonstrate pretext by showing the employer's proffered reason was so inconsistent, implausible, incoherent, or contradictory that it is unworthy of belief.  *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1120 (10th Cir. 2001).  Here, Plaintiff comes forward with no evidence of pretext.  In fact, Plaintiff has admitted that he engaged in the alleged disruptive behavior on October 25, 2010.  (Pl.'s Dep. at 171-74, 180-84.)  Plaintiff has also admitted that, after he was asked to leave work, he never attempted to contact the general manager.  (Pl.'s Dep. at 187.)  Thus, Plaintiff has utterly failed to meet his burden of showing that Defendant's basis for its employment action was pretext for retaliation.

Accordingly, the Court grants Defendant's Motion for Summary Judgment as to Plaintiff's retaliation claim.

## III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.    Defendant's Motion for Summary Judgment (ECF No. 30) is GRANTED;

2.    Plaintiff's claim for color discrimination shall be DISMISSED WITHOUT PREJUDICE;

3.    The Clerk shall enter judgment in favor of Defendant on Plaintiff's claims for hostile work environment based on race, national origin, and religious, as well as Plaintiff's retaliation claim;

4.    Defendant shall have its costs; and

5.      Because the Court has resolved the merits of the case, the Magistrate Judge's

February 27, 2013 Recommendation that this action be dismissed for failure to

effectuate timely service is DENIED as MOOT.


Dated this 24th day of April, 2013.

BY THE COURT:

William J. Martinez
United States District Judge